IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 4:23CR116-SA

JARVIS HOOD

## GOVERNMENT'S TRIAL MEMORANDUM

Comes now the United States of America, by and through the United States Attorney for the Northern District of Mississippi, and files this pretrial memorandum to address some of the evidentiary and legal issues that may arise at trial.

I.  **Introduction**

A federal grand jury returned an Indictment on August 15, 2023, charging Jarvis Hood with conspiracy to make false statements to federal firearms licensees and to transfer firearms to out-of-state residents. The Indictment further charged Derrick Stewart, Jr. and Ronnell Pratt with this conspiracy and other related substantive offenses. Stewart, Jr. entered a plea of guilty and was sentenced by the Court on October 1, 2024. Pratt entered a plea of guilty and awaits sentencing.

Jalene Young, Markeveon Brown and Herbert Scott, Jr., were all charged by separate indictments for substantive offenses related to various roles within the conspiracy, including false statements to federal firearms licensees and false statements to federal agents during the course of the investigation. All have been sentenced.[1]

---

[1] *See United States v. Young*, 4:23-cr-00013-SA; *United States v. Brown*, 4:23-cr-00009-MPM; *United States v. Scott*, 4:23-cr-00012-DMB.

## II. Conspiracy

To prove a conspiracy, the government must establish beyond a reasonable doubt that (1) a common agreement or conspiracy existed; (2) the accused knew of the conspiracy; and (3) the accused, with knowledge, voluntarily joined the conspiracy. *United States v. Elam*, 678 F.2d 1234, 1245 (5th Cir.1982).

It is not necessary that the government prove the defendant had "an awareness of the existence of the other members, or be privy to the details of each aspect of the conspiracy." *Id.* at 1246 (citing *United States v. Brasseaux*, 509 F.2d 157 (5th Cir. 1975)). In fact, members of the conspiracy may not know each other or work together on each transaction. *Id*. at 1247 (citing *United States v. DeLeon*, 641 F.2d 330 (5th Cir. 1981)).

"It is well established that a single conspiracy may have several objectives and when a conspiracy to violate two or more statutes is alleged, the jury may return a verdict of guilty if they find beyond a reasonable doubt that a conspiracy to violate any one of the statutes existed. *Id.* at 1250 (citing *Braverman v. United States,* 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942); *United States v. Wilkinson*, 601 F.2d 791 (5th Cir. 1979); *Overstreet v. United States*, 321 F.2d 459 (5th Cir. 1963)). "In conspiracy cases, 'venue is proper in any district where the agreement was formed or an overt act occurred.'" *United States v. Romans*, 823 F.3d 299, 309–10 (5th Cir. 2016) (quoting *United States v. Caldwell,* 16 F.3d 623, 624 (5th Cir.1994)).

## III. Admissibility of Co-Conspirator Acts

Generally, "[o]nce a defendant has been connected with the conspiracy through his own conduct, all acts and statements of his co-conspirators during the pendency and in furtherance of the conspiracy are admissible against him." *United States v. Jennings,* 527 F.2d 862, 869 (5th Cir. 1976); *see also United States v. Enstam*, 622 F.2d 857, 867 (5th Cir.1980) (only necessary for one coconspirator to commit overt act).

The Fifth Circuit has held that, "where a conspiracy is charged, acts that are not alleged in the indictment may be admissible as part of the Government's proof." *United States v. Brown*, 553 F.3d 768, 789 (5th Cir. 2008); *see also United States v. Navarro*, 169 F.3d 228 (5th Cir. 1999). In *United States v. Navarro*, the Fifth Circuit determined that evidence of possession of large amounts of cocaine and methamphetamine discovered four months after indictment was admissible at trial on the charges of possession and conspiracy to distribute methamphetamine because it spoke to the continuing nature and structure of the organization. 169 F.3d at 233. The Court held that the highly probative evidence was inextricably intertwined to the indicted conspiracy. *Id.*; *see also United States v. Williams,* 900 F.2d 823, 825 (5th Cir.1990). For example, threats made by conspiracy members to witnesses outside of the indicted timeframe would be probative to the conspiracy's goal of concealment of information.[2] *See United States v. Curtis*, 635 F.3d 704, 717 (5th Cir. 2011) ("'[A]cts of concealment done in furtherance of the main criminal objectives of the conspiracy'" are circumstantial evidence of the conspiracy's existence") (citations omitted).

Further, statements made by co-conspirators in furtherance of the conspiracy are not hearsay. *United States v. Trammel*, 671 F. App'x 239, 240 (5th Cir. 2016) (citing Fed. R. Evid. 801(d)(2)(E); *United States v. Snyder*, 930 F.2d 1090, 1095 (5th Cir. 1991)). This is true even when the co-conspirator does not testify, as statements between co-conspirators in furtherance of the conspiracy are not testimonial. *Id.* (citing *United States v. Alaniz*, 726 F.3d 586, 607 (5th Cir. 2013)).

---

[2] Alternatively, if the evidence at trial is deemed extrinsic, "a threat by a defendant to an adverse witness is probative of an issue other than character: consciousness of guilt." *United States v. Ordonez*, 286 F. App'x 224, 237 (5th Cir. 2008) (citing *United States v. Rocha*, 916 F.2d 210, 241 (5th Cir. 1990)).

IV. **ATF Form 4473s**

The ATF form 4473 is required by federal regulations to be completed to document the sale of firearms. *See* 27 C.F.R. § 478.125 (2011). Records made in compliance with these regulations satisfy the requirements of Rule 803(6) as business records, given that the foundational requirements of (A)-(D) can be met and an opponent cannot show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness. Fed. R. Evid. 803(6); *see United States v. Veytia-Bravo*, 603 F.2d 1187, 1191 (5th Cir. 1979). In *Veytia-Bravo*, the district court allowed the admission of ATF form 4473s through the testimony of an ATF agent. The Fifth Circuit affirmed the district court's ruling, stating "[w]here circumstances indicate that the records are trustworthy, the party seeking to introduce them does not have to present the testimony of the party who kept the record or supervised its preparation. Testimony by the custodian of the record **or other qualified witness** that the record is authentic and was made and kept in the regular course of business will suffice to support its admission." *Id.* at 1191-92 (citing *United States v. Colyer*, 571 F.2d 941 (5th Cir. 1978), cert. denied, 439 U.S. 933, 99 S.Ct. 325, 58 L.Ed.2d 328 (1978); *United States v. Flom*, 558 F.2d 1179 (5th Cir. 1977); *United States v. Jones*, 554 F.2d 251 (5th Cir. 1977), cert. denied, 434 U.S. 866, 98 S.Ct. 202, 54 L.Ed.2d 142 (1977) (emphasis added)).

Since the ATF agent who sponsored the exhibit testified that the ATF currently had custody of the records, the records presented were prepared by the business, and the business had compiled the records pursuant to the ATF regulations, the Fifth Circuit determined the district court did not err in finding the requirements of 803(6) were satisfied. *Id.* at 1192.

V.	**Facebook Messages of the Defendant**

The records provided from Meta, Inc. of the Defendant's Facebook account have been determined by this Court to meet the prerequisites for authenticity pursuant to Federal Rules of Evidence 803(6) and 902(11). *See* Order [112]. The Court's inquiry further continues at trial related to proof of attributing the messages to the Defendant. *See* Fed. R. Evid. 901(a). The government will establish attribution through one or more of the following:

- Evidence showing that the date of birth, phone number and/or city of residence listed on a social media page matches the defendant's information;
- Testimony by one or more witness who can identify a social media account as belonging to a particular defendant through personal knowledge;
- Pictures, including "selfies," that the defendant has uploaded to the social media pages;
- Other identifying information that the defendant has posted on the social media pages.

This type of evidence is sufficient to establish the low threshold of the type of authentication required for user attribution. *See, e.g. United States v. Barnes*, 803 F.3d 209, 217 (5th Cir. 2015) (testimony that witness knew defendant used Facebook and that she recognized his account, as well as style of communicating, sufficient to authenticate the account); *see also United States v. Hassan*, 742 F.3d 104, 133-34 (4th Cir. 2014) (evidence tying Facebook accounts to defendants' email and IP addresses sufficient).

Further, though the statements meet the business records exception, the statements of the defendant contained within this electronic evidence may also be admitted against him as a party opponent pursuant to Rule 801(d)(2)(A). The statements of other participants to the conversation may be admitted as non-hearsay to provide context to the communication. *See United States v. Cheramie*, 51 F.3d 538, 541 (5th Cir. 1995).

### VI. Cell Phone Extraction – No Expert Needed

Several courts have supported the interpretation that a Rule 16 notice is not required for a witness who will testify about a forensic extraction where the witness does not provide any interpretation or opinion testimony. As a matter of first impression last year, the Fifth Circuit declined to require expert testimony to admit a cell phone extraction. *United States v. Williams*, 83 F.4th 994 (5th Cir. 2023). The Court reasoned that "[w]ithout a showing of specialized knowledge, the mere use and understanding of a Cellebrite extract at trial is insufficient to require an expert." *Id.* at 998. In making its determination, the *Williams* Court noted, "the investigator knew no more than anyone else who runs a program on his computer that he did not write," and the district court properly allowed his lay testimony related to the extraction. *Id.* at 997.

### VII. Firearm Recoveries

Evidence that some of the firearms in question were recovered at crime scenes in another state shortly after their purchase in Mississippi is probative of conspirators' possession of the firearms and their participation in the conspiracy to acquire and transport them. *See, e.g., United States v. Reeves*, 318 F. App'x. 807, 808 (11th Cir. 2009). Several circuits have admitted this particular evidence to complete "the story of the crime on trial" or when it is "so blended or connected that it tends to prove any element of the charged crime." *United States v. Richmond*, 222 F.3d 414, 416 (7th Cir. 2000).

The goal of the indicted conspiracy was to purchase firearms in Mississippi and transport the guns to Illinois to sell. Evidence pertaining to the recovered firearms is proof of this objective and crime. The location where the firearms were found is probative of the defendant and other co-conspirators' plan to make straw purchases. The recoveries in Illinois are also proof that

conspirators transported and distributed the firearms there to individuals who resided outside of the State of Mississippi. Further, the recovery of the firearms by law enforcement shortly after they were bought (also known as time to crime) is proof of the overall plan to possess and dispose of illegally purchased firearms.

Evidence related to the recovery of guns in Illinois proves alleged overt acts. The fact that the firearms were found at crime scenes is indicative of the types of persons conspirators transferred firearms to -- prohibited persons. The government is entitled to prove acts in furtherance of a conspiracy, including acts in furtherance of the conspiracy that were not alleged as overt acts in the Indictment for the reasons outlined above. *United States v. Gold*, 743 F.2d 800, 813 (11th Cir. Fla. 1984); *see also United States v. Janati*, 374 F.3d 263, 270 (4th Cir. 2004).

This, the 19th day of October, 2024.

                                        Respectfully submitted,

                                        CLAY JOYNER
                                        United States Attorney

                                By: */s/ Julie Howell Addison*
                                        JULIE HOWELL ADDISON
                                        Assistant United States Attorney
                                        Mississippi Bar No.103573
                                        900 Jefferson Avenue
                                        Oxford, Mississippi 38655
                                        (662) 234-3351
                                        Fax: (662) 234-0657

## **CERTIFICATE OF SERVICE**

I, Julie Howell Addison, Assistant United States Attorney for the Northern District of Mississippi, certify that a copy of the foregoing Government's Motion was filed with the Clerk of Court using CM/ECF system, which provided electronic notice to all counsel of record.

This, the 19th day of October, 2024.

/s/ Julie Howell Addison
JULIE HOWELL ADDISON
Assistant United States Attorney